UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH JOHNSON,

                                Plaintiff,                            23-CV-1156 (AS) (VF)

           -against-                                     **ORDER**

THE WESTIN NY AT TIMES SQUARE/MARRIOTT
INTERNATIONAL,

                                Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      Plaintiff commenced this case on February 10, 2023. See ECF No. 1. Months passed without an appearance by counsel for Defendant, and on June 20, 2023, the Honorable John G. Koeltl extended the time for Defendant to respond to Plaintiff's complaint to July 5, 2023. See ECF No. 8. The order further stated that if Defendant failed to respond by that date, Plaintiff may move to show cause for default judgment by July 19, 2023. Id. Defendant did not respond to Plaintiff's complaint by July 5, 2023, and the case was subsequently referred to the undersigned. See ECF No. 10.

      On July 26, 2023, counsel for Defendant filed a motion requesting an extension of time for Defendant to answer or otherwise respond to Plaintiff's complaint. See ECF No. 14. The letter explained that Defendant did not receive notice of the action until July 10, 2023, after its time to answer had expired. Id. The letter further explained that Plaintiff served the complaint on CT Corporation on March 28, 2023, but that service was rejected because CT Corporation is not the registered agent for the entity named as Defendant in the complaint. Id. On July 26, 2023, the Court granted Defendant's request for an extension of time, giving it until August 29, 2023 to answer, move, or otherwise respond to Plaintiff's complaint. See ECF No. 16.

On the same day Defendant submitted its letter motion for an extension of time to file an answer, Plaintiff filed a motion for default judgment, see ECF No. 15, which the Court denied on July 28, 2023, see ECF No. 17. In the order denying the motion, the Court explained that in light of defense counsel's appearance on behalf of Defendant, and the Court's order granting Defendant an extension of the deadline to answer or otherwise respond to Plaintiff's complaint, default judgment was not warranted or appropriate at the time. See id. The Court denied Plaintiff's motion without prejudice, permitting him to refile a motion for default judgment should the circumstances warrant such a motion. See id.

On August 16, 2023, Plaintiff filled a motion seeking reconsideration as to that order arguing that Defendant should not have been given an extension of time to answer or otherwise respond to the complaint. See ECF No. 20. Specifically, Plaintiff asserts that Defendant provided CT Corporation with a fictitious address, and as such the extension of time to answer was not warranted. See id. at 1-2.

A motion for reconsideration "should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). Importantly, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citations and

internal quotation marks omitted); see also Weiss v. El Al Isr. Airlines, Ltd., 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

By arguing that Defendant's time to respond to the complaint should not have been extended, Plaintiff appears to be basing his motion for reconsideration on the need to correct a clear error or prevent manifest justice. As it pertains to the former, "district courts have broad discretion to manage their caseloads and dockets." Bey v. City of New York, 454 F. App'x 1, 4 (2d Cir. 2011) (citation omitted).

Moreover, Defendant provided good cause for its request for an extension of time to respond to the complaint. As Defendant explained, Plaintiff served the complaint on an entity that is not a registered agent for Defendant, Plaintiff was notified of this deficiency by letter dated March 9, 2023, and Defendant did not receive notice of the action until July 10, 2023. See ECF No. 14 at 1. And is it relates to whether reconsideration would prevent manifest injustice, "default judgments are disfavored" and courts in this Circuit have "[a] clear preference" for adjudication of disputes on the merits. See Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). In short, nothing raised in Plaintiff's motion indicates a reason for the Court to diverge from its prior Order granting Defendant an extension of time.

The Clerk of Court is directed to terminate the motion at ECF No. 20.

**SO ORDERED.**

DATED:   New York, New York
         August 28, 2023

_____
VALERIE FIGUEREDO
United States Magistrate Judge