UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH JOHNSON,

                Plaintiff,

-against-

THE WESTIN NY AT TIMES SQUARE /
MARRIOT INTERNATIONAL,

                Defendant.

23-cv-1156 (AS)

OPINION AND ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Plaintiff Joseph Johnson, proceeding pro se, works for Defendant Starwood Hotels & Resorts Worldwide, LLC (identified in the complaint as "The Westin NY at Times Square/Marriott International"). Johnson has sued his employer, alleging violations of Title VII based on religious discrimination. Dkt. 1 at 3. He claims that he was "consistently harassed" from 2015 to 2022. *Id.* at 5. He also says that on January 23, 2023, he notified management that there were bad weather conditions in his neighborhood, but he was denied an accommodation. *Id.* at 5, 15. Johnson says this denial was unlawful.

Johnson's complaint contains little additional information and instead refers to the "binder" of over 400 pages of documents attached to the complaint. Among these documents are notes related to his weather-related accommodation request (*id.* at 15–24); documents related to a November 5, 2015 incident, in which another employee hit him with a car door (*id.* at 63, 74); and documents related to a June 30, 2022 text-message exchange with a colleague that Johnson felt mocked his religion (*id.* at 188–92). Johnson also attaches documentation related to his request for a religious exemption to Defendant's COVID-19 vaccination policy and Defendant's grant of that request. Dkt. 1-1 at 11–79. Johnson appears to allege that, despite granting his request, Defendant violated the law by requiring Johnson to test for COVID-19 twice per week instead of just once per week. *Id.*[1]

Johnson also lists the following federal and state statutes in his complaint: 18 U.S.C. § 241, 18 U.S.C. § 2331, 15 U.S.C. § 2087, and N.Y.P.L. § 240.30. *Id.* at 4–5.

---

[1] Johnson also says that Defendant "blocked [him] from log[ging] on to services for 2+ weeks" and "have not unlocked log on for services duty." Dkt. 1 at 5. Johnson does not provide further explanation none of Johnson's attached material appears to relate to this allegation. Since the Court has granted leave to amend, Johnson should provide further clarity as to what this allegation means and how it relates to his claims for religious discrimination.

Defendant moved to dismiss Johnson's complaint on October 4, 2023. Dkt. 32. The Court received Johnson's opposition on March 29, 2024. Dkt. 51. Johnson's opposition does not respond to Defendant's arguments, but instead includes dozens of additional pages of information that he claims is evidence of discrimination. The documents appear to relate to text exchanges he had with a human-resources director, which Johnson says constitute religious discrimination.

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Where, as here, the complaint was filed pro se, it must be construed liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (cleaned up). Nonetheless, a pro se complaint must still state a plausible claim for relief. *Id.*

## DISCUSSION

Johnson's discrimination claims are dismissed for failure to state a claim. Title VII "requires a plaintiff asserting a discrimination claim to allege two elements: (1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015). As to the first element, Johnson must point to a "disadvantageous change in an employment term or condition." *Muldrow v. City of St. Louis*, 144 S. Ct. 967, 974 (2024) (internal quotations omitted).

Liberally construing Johnson's complaint, he seems to be alleging that he was harassed at work based on his religion. The complaint does not cite any instances of harassment but refers to the "binder" attached to his complaint. But much of the information attached to Johnson's complaint relates to his disputes with individual employees and does not indicate that Defendant took adverse action (let alone any action) related to those incidents. For example, Johnson does not allege that Defendant terminated him, demoted him, or took other action based on the allegedly discriminatory text messages sent by a coworker. Nor does he claim that Defendant took any steps to change his employment based on his dispute with the coworker who hit him with a car door.

Moreover, to the extent that Johnson's claim is better understood as a hostile-work-environment claim, this too would fail. "A hostile work environment claim requires a plaintiff to show that (1) the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and (2) a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Lekettey v. City of New York*, 637 F. App'x 659, 661 (2d Cir. 2016) (cleaned up). Here, Johnson has not alleged facts demonstrating that these isolated incidents with coworkers were either "severe or pervasive" or that they should be imputed to Defendant.

Johnson also alleges that he was required to test for COVID-19 twice per week. Johnson does not claim that he had a religious objection to COVID-19 testing. In fact, in a text message attached to his complaint, Johnson states that he was not objecting to the weekly test, which was "fair and right to[] fellow co-workers & managers." Dkt. 1-1 at 45. Instead, Johnson takes issue with having to take more than one test per week. Even liberally construing the complaint, Johnson does not appear to be claiming that he opposed the additional testing based on his religion. Instead, Johnson's documents indicate that he was objecting to the additional testing because he thought the policy was inconsistent with a Supreme Court decision. *Id.* at 47. Based on these allegations, the Court does not see how Defendant's testing requirements constituted religious discrimination.

Johnson also appears to be alleging a failure-to-accommodate claim based on Defendant's denial of his request to change shifts on a bad-weather day. This too fails because Johnson does not allege that this requested accommodation was based on his religion. Instead, Johnson makes clear that he requested an accommodation because of the difficulty with driving to work in bad weather. So this incident does not constitute a failure to accommodate in violation of Title VII.

Defendant argues that dismissal is also warranted because of Johnson's failure to exhaust his administrative remedies. "Before an aggrieved party can assert a Title VII claim in federal court, he is generally required to exhaust the administrative remedies provided by the statute." *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018). "That is, a Title VII plaintiff generally must file a charge of discrimination with the EEOC 'within three hundred days after the alleged unlawful employment practice occurred,' and must then file an action in federal court within 90 days of receiving a right-to-sue letter from the agency." *Id.* at 621–22 (quoting 42 U.S.C. § 2000e-5(e)(1)–(f)(1)).

Johnson attaches to his complaint a right-to-sue letter dated November 18, 2022. Dkt. 1 at 8. This letter references the same charge number as his July 28, 2014 letter, in which Johnson alleged discrimination based on race and national origin. Dkt. 33-2. According to Defendant, Johnson has therefore not exhausted his administrative remedies as to allegations of religious discrimination. While Defendant may be correct, "exhaustion is an affirmative defense and as such can only be a proper basis for a motion to dismiss under Rule 12(b)(6) if failure to exhaust appears on the face of the complaint." *Frederic v. NFC Amenity Mgmt.*, 2018 WL 4735715, at *2 (S.D.N.Y. Sept. 28, 2018). Here, the Court is not satisfied that dismissal would be appropriate because the documents so far in the record do not concretely demonstrate a failure to exhaust.

The Court also dismisses any other claims that Johnson may be bringing based on the various statutes listed in his complaint. As to criminal statutes, Johnson has "no private right of action to enforce state or federal criminal statutes." *Heicklen v. U.S. Dep't of Homeland Sec.*, 2011 WL 3841543, at *15 (S.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4442669 (S.D.N.Y. Sept. 23, 2011); *see also Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011). And Johnson has not alleged that he performed any conduct that would place him within the protection of the Consumer Protection Safety Improvement Act (CPSI). Among other things, his employer is a hotel, but the CPSI applies only to employers who are a "manufacturer, private labeler, distributor, or retailer." 15 U.S.C. § 2087(a).

One final note: the Court finds that dismissal would have also been proper under Federal Rule of Civil Procedure 8. Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Johnson's complaint and the attached exhibits add up to 439 pages. Johnson's opposition is an additional 67 pages. Moreover, the complaint "lacks organization or narrative structure and it simply fails to provide fair notice to Defendant[] due to its convoluted structure, organization, syntax, and content." *Azzarmi v. Neubauer*, 2023 WL 6255678, at *3 (S.D.N.Y. Sept. 26, 2023). "The net result is that Defendant[]—and the Court—[is] left to guess about what [Johnson's] claims are." *Douek v. Citibank*, 2021 WL 3604761, at *1 (S.D.N.Y. Aug. 12, 2021). While the Court and Defendant have endeavored to liberally construe Johnson's complaint, Johnson is warned that any subsequent complaint will be held to Rule 8's standard.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. Since Johnson is proceeding pro se and has not yet had an opportunity to amend his complaint, the Court grants Johnson leave to file an amended complaint no later than August 1, 2024.

The Clerk of Court is directed to amend the caption of this case to reflect the Defendant's name as "Starwood Hotels & Resorts Worldwide, LLC" and terminate Dkt. 32.

SO ORDERED.

Dated: May 8, 2024
    New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge
