**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
JOSEPH JOHNSON,

                                                         Plaintiff,

  -against-

STARWOOD HOTELS & RESORTS
WORLDWIDE, LLC,

                                                         Defendants.
------------------------------------------------------------------X

**23-CV-1156 (AS) (VF)**

**OPINION AND ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On January 29, 2025, Plaintiff filed a motion asking for my recusal from this case. See ECF Nos. 109, 111-112. In his filing, Plaintiff asserts that I have a "bias" against him. ECF No. 111. Although not cited, I interpret Plaintiff to be making his motion pursuant to 28 U.S.C. § 455(b)(1) and 28 U.S.C. § 144. For the reasons discussed herein, Plaintiff's motion is denied.[1]

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

---

[1] Because a motion to recuse is non-dispositive, I address Plaintiff's motion via an opinion and order rather than a report and recommendation. See Rouviere v. DePuy Orthopaedics, Inc., 2024 WL 5088077, at *1 n.1 (S.D.N.Y. Dec. 12, 2024).

As the Second Circuit has articulated, "'an affidavit must show the objectionable inclination or disposition of the judge; it must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" Williams v. New York City Housing Auth., 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (quoting Rosen v. Sugarman, 357 F.2d 794, 798 (2d Cir. 1966)). "The mere filing of an affidavit of bias, pursuant to 28 U.S.C. § 144 . . . 'does not require a judge to recuse [herself or] himself.'" In re Holocaust Victim Assets Litig., Nos. 09–cv–3215, 96–cv–4849, 2010 WL 4038794, at *3 (E.D.N.Y. Oct. 1, 2010) (quoting Nat'l Auto Brokers Corp. v. Gen. Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978)). Rather, "the judge must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily." Williams, 287 F. Supp. 2d at 249; see In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself [or herself] when it is not called for as he [or she] is obliged to when it is.").

Section § 455(b)(1), "'addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed.'" Hoffenberg V. United States, 333 F. Supp. 2d 166, 172 (quoting United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000)). Section 455(b)(1) provides that a judge who has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" shall disqualify [himself]. 28 U.S.C. § 455(b)(1). Clemmons v. Comm'r of Soc. Sec., 2011 WL 6130926 at *3–*4 (E.D.N.Y. Dec. 8, 2011); see also Da Silva Moore v. Publicis Groupe & MSL Grp., 2012 WL 2218729 at *8–*10 (S.D.N.Y. June 15, 2012) (Peck, M.J.). "'[C]ourts considering the substantive standards of §§ 144 and 455(b)(1) have concluded that they are to be construed in pari materia.'" Clemmons, 2011 WL 6130926 at *4 (quoting Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987)). Thus, "where the court finds that a plaintiff fails to present a

2

basis for recusal under Section 455, plaintiff's motion for relief under Section 144 must also fail." Clemmons, 2011 WL 6130926 at *4.

Plaintiff appears to be claiming that I am biased in favor of Defendant because I denied his motion for sanctions against Defendant and also denied his request for the entry of a default judgment. See ECF No. 109 at 1-2 (referring to the ruling at ECF No. 106). However, "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" Weisshaus v. Fagan, 456 F. App'x 32, 35 (2d Cir. 2012) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)); see also Kashelkar v. Vill. of Spring Valley, 2008 WL 4684260 at *1 (S.D.N.Y. Oct. 16, 2008) (collecting cases). Plaintiff alleges no facts whatsoever to support his conclusory allegation of bias, and his reliance on the denial of his motion for sanctions and/or motion for default judgment is insufficient to demonstrate bias under either Section 455 or Section 144.

At ECF No. 114, Plaintiff requests a trial and/or hearing. There is a pending motion to dismiss (see ECF No. 97) and, as such, this case is not at a procedural posture where the Court can set a trial date. Further, at this time, a hearing is not necessary because the parties have not yet engaged in any discovery. A trial date, if necessary, will be set by the District Judge once the parties have completed discovery and any dispositive motions (such as motions for summary judgment) are resolved.

The Clerk of Court is respectfully directed to terminate the letter motions at ECF No. 111 and 114.

**SO ORDERED.**

DATED:    New York, New York
          February 4, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge