UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH JOHNSON,

                Plaintiff,

-against-

STARWOOD HOTELS & RESORTS WORLDWIDE, LLC,

                Defendant.

23-cv-1156 (AS)

OPINION AND ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Plaintiff Joseph Johnson, proceeding *pro se*, sues his employer, Starwood Hotels & Resorts Worldwide, LLC (identified in the complaint as "The Westin NY at Times Square/Marriot International"). In his original complaint, Johnson alleged religious discrimination in violation of Title VII. Dkt. 1 at 3. The Court dismissed the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), but also noted that dismissal would have been proper under Federal Rule of Civil Procedure 8 and warned Johnson that "any subsequent complaint will be held to Rule 8's standard." *Johnson v. Westin NY at Times Square/Marriot Int'l*, 2024 WL 2055346, at *3 (S.D.N.Y. May 8, 2024).

Johnson filed an amended complaint, which restates his original claims and adds new ones. *See* Dkt. 81 at 8–9. The amended complaint clocks in at 393 pages. *See* Dkts. 81, 81-1, 81-2, 81-3. Starwood moved to dismiss the amended complaint under Rules 8 and 12(b)(6). Dkt. 97.

## LEGAL STANDARDS

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court can dismiss a complaint that "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Ordinarily, the court should "grant[] leave to file an amended pleading that conforms to the requirements of Rule 8." *Id.* But under some "extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible," or "where the substance of the claim pleaded is frivolous on its face," dismissal without leave to amend is appropriate. *Id.*

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298–99 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face 'when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Courts construe *pro se* complaints "liberally" and consider "the strongest arguments" they suggest. *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.*

## DISCUSSION

### I. The Complaint Fails to State a Claim

As the Court explained in its opinion dismissing Johnson's original complaint, "[l]iberally construing Johnson's complaint, he seems to be alleging that he was harassed at work based on his religion." *Johnson*, 2024 WL 2055346, at *2. To state a claim for employment discrimination, Johnson must "plausibly allege that (1) the employer took adverse action against him and (2) his . . . religion . . . was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).

Johnson once again fails to make anything close to that showing. As before, "much of the information attached to Johnson's complaint relates to his disputes with individual employees and does not indicate that [Starwood] took adverse action (let alone any action) related to those incidents." *Johnson*, 2024 WL 2055346, at *2; *see, e.g.*, Dkt. 81-1 at 61–77.

Moreover, as the Court noted before, "to the extent that Johnson's claim is better understood as a hostile-work-environment claim, this too would fail" because Johnson has not alleged facts demonstrating that his "isolated incidents with coworkers were either 'severe or pervasive' or that they should be imputed to [Starwood]." *Johnson*, 2024 WL 2055346, at *2.

Nor has Johnson stated a failure-to-accommodate claim based on Starwood's denial of his request for certain days off or its requirement that he test for COVID-19 twice per week. "[T]o make out a prima facie case of religious discrimination," plaintiffs "must show that '(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement.'" *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (quoting *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001)). As in his original complaint, Johnson doesn't say he had a religious objection to testing for COVID-19, *see* Dkt. 81 at 97 (characterizing once a week testing as "fair and right"), or that he told Starwood he needed certain days off for religious reasons and was denied. To the contrary, according to his complaint, Johnson requested time off on April 20, 2022, for Passover, and Starwood granted his request. Dkt. 81-2 at 26–27. Johnson took issue with the fact that Starwood denied him vacation on May 1–4, 2022, and allowed someone less senior to take those days off, *id.*, but he doesn't say that he told Starwood he needed those days off for religious reasons.

## II.     The Complaint Violates Rule 8(a)(2)

"The Court's 'special solicitude' for *pro se* pleadings has its limits, because . . . 'even a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim.'" *Kastner v. Tri State Eye*, 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (first quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994); and then quoting *Carmel v. CSH & C*, 32 F. Supp. 3d 434, 436 (W.D.N.Y. 2014)). That's what Johnson does here. The amended complaint is 393 pages of Johnson's narrative interspersed with excerpts from statutes, *see* Dkt. 81 at 12–20, model jury charges, *id.* at 24–56, administrative directives, *id.* at 57–68, images of text messages and emails, *id.* at 70–75, 80–81, 84, letters from Johnson's church, *id.* at 85–89, news articles, Dkt. 81-1 at 8–12, state court filings, *id.* at 93, and so on. The exhibits are not organized by topic or claim, and their relevance to Johnson's claims is often unclear.

Johnson's claims are similarly difficult to parse from his narrative. As in his original complaint, he alleges that Starwood engaged in discrimination by requiring him to test for COVID-19 twice a week, Dkt. 81 at 78–79, questioning him about a non-work-related text he sent to a colleague, Dkt. 81-1 at 29–30, and denying him requested days off, Dkt. 81-1 at 32–37. But he also appears to accuse Starwood of violating the law by sending out a "notice of class action settlement" in an unrelated matter, Dkt. 81-2 at 48–52, defaming him by investigating an allegation that he was an "active shooter" and keeping a record of this investigation in its HR files, *id.* at 60–62, and causing the death of a former employee, Dkt. 81 at 83.

This is just a sampling of Johnson's claims. In total, he accuses Starwood of violating thirty-three civil and criminal laws. *Id.* at 8–9. For the most part, the factual basis for these claims is impossible to discern from the complaint, because Johnson's complaint contains mostly "rambling accusations and . . . condemnation of" Starwood. *Infanti v. Scharpf*, 2008 WL 2397607, at *2 (E.D.N.Y. June 10, 2008). The following passages are illustrative:

- In the matter of the Late Calvin D. I understand the brother was a bit slow or even troubled; I was given many accounts to what laid to the wrongful decision to throwing the brother to the WOLVES and to his DEATH; this administration caused Calvin his life. If the brother needed help, why didn't this administration help him; basically this admin is responsible for the death of Calvin & DESTROYED his life and family. As I stated . . . earlier: this is a soul-less pack of monsters. An eminent threat to my lively hood and the UNION MEMBERS. The gathering of all member signatures is to make sure this administration leave us. "ASAP" Don't want peace with them. Dkt. 81 at 83.
- The Short staff agenda; compromises the entire hotel operation and leaves too many areas for mistakes and the manager cannot provide proper over sight. Subpoena the daily activity log in Security; its an outrageous agenda. 3 times I was called for meetings UNEXPECTLY. 3 times; and 3 times on baseless accusations by HR and 3 times more work was piled on the house officer that had to the jobs while in these HARASSMENT

3

> MEETINGS. Even the managers part-take in making the job environment hostile and extremely UNHEALTHY; more proof of the continued harassment; very grateful I made case against this satanic facility and put rightfully in the Appeals Court NYS; can't stop thinking God. Dkt. 81-3 at 12.

Requiring Starwood to sort through a complaint rife with these rambling "allegations" to answer it "would fly in the face of the very purposes for which Rule 8 exists." *Lonesome v. Lebedeff*, 141 F.R.D. 397, 398 (E.D.N.Y. 1992); *see also Salahuddin*, 861 F.2d at 42 (explaining that a statement must be "plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial"). Accordingly, Johnson's amended complaint is dismissed.

### III.     Leave to Amend Is Denied

Leave to amend is not justified here. The Court already gave Johnson an opportunity to amend his complaint once and cautioned him that the amended complaint must comply with Rule 8's strictures, but the amended complaint is just as "prolix and unintelligible" as its predecessor. *See Salahuddin*, 861 F.2d at 42.

Moreover, for the reasons explained above, most of the claims in the amended complaint are frivolous on their face. As the Court already informed Johnson, he has "no private right of action to enforce state or federal criminal statutes." *Johnson*, 2024 WL 2055346, at *3 (quoting *Heicklen v. U.S. Dep't of Homeland Sec.*, 2011 WL 3941543, at *15 (S.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, 2011 WL 4442669 (S.D.N.Y. Sept. 23, 2011)). Starwood can't be held liable for defamation for keeping a record of the fact that it investigated allegations that Johnson planned to attack his co-workers. *See Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) ("Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability."). And to the extent Johnson takes issue with the settlement reached in the FLSA class action suit against Marriott, he can, as the settlement notice explains, file an objection with the court that is responsible for approving the settlement. *See* Dkt. 81-2 at 50.

The only potentially non-frivolous claims implicated by the complaint are Johnson's Title VII religious-discrimination claims. But despite the Court's clear instructions in *Johnson*, 2024 WL 2055346, the amended complaint still does not state a claim. Accordingly, further leave to amend is not warranted. *See Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (explaining that leave to amend is properly denied for "failure to cure deficiencies by amendments previously allowed" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

## CONCLUSION

For these reasons, Starwood's motion to dismiss is granted. All pending motions are denied as moot.

The Clerk of Court is directed to terminate Dkt. 97 and close this case.

SO ORDERED.

Dated: March 7, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge